UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
_____

In re

SCOTT WETTSTEIN and
ANNABELLE WETTSTEIN,

                     Debtors.
_____

TAMMY MONTONATI,

                     Plaintiff,
v.

SCOTT WETTSTEIN,

                     Defendant.

Case No. 09-36498

Chapter 13

Adversary No. 10-2124

_____

MEMORANDUM DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
_____

       The plaintiff, Tammy Montonati, filed an adversary proceeding under 11 U.S.C. § 523(a)(6) seeking a determination that the obligation owed to her by the defendant, Scott Wettstein, will be excepted from his chapter 13 discharge. The defendant opposed the plaintiff's motion for summary judgment and the parties filed briefs in support of their respective positions.

       This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), and the Court has jurisdiction under 28 U.S.C. § 1334. The following constitutes the Court's findings of facts and conclusions of law pursuant to Fed. R. Bank. P. 7052. For the reasons stated below, the plaintiff's motion is granted.

## BACKGROUND

       In 1998 the plaintiff sued the defendant in state court after the defendant posted nude photos of her around the Fox Cities. (Winnebago County Case No. 98 CV 428). Just before trial

the parties settled the case by stipulation, which provided in relevant part:

      1.     A judgment shall be entered for the plaintiff and against the defendant for the sum of $27,000.00.

      2.     The $27,000.00 shall accrue statutory interest effective March 1, 1999, except that if the defendant pays to plaintiff $6,000.00 by April 1, 1999, that $6,000.00 shall not accrue statutory interest as of March 1, 1999.

      3.     If the entire $6,000.00 payment is not received by plaintiff's attorney by April 1, 1999, then the entire $27,000.00 judgment shall accrue statutory interest as of March 1, 1999.

      4.     Defendant shall pay to plaintiff $100.00 every two weeks to coincide with his pay checks, commencing with his first pay check received after April 1, 1999.

      5.     The plaintiff's judgment proceeds are allocated as follows: $27,000.00 is entered as damages for punitive damages.

      6.     The parties stipulate that this judgment is non-dischargeable in bankruptcy based on the willful and malicious injury by defendant to plaintiff.

      7.     The terms of this judgment shall not preclude the plaintiff from any collection remedies available to her by law.

(Stipulation and Order for Judgment, Winnebago County Case No. 98 CV 428).

Both parties and their respective counsel signed the stipulation and the state court adopted the stipulation in its order and judgment. (Order for Judgment and Judgment of Circuit Judge William E. Crane, Winnebago County Case No. 98 CV 428, April 9, 1999).

The debtor made payments to the plaintiff between August 2003 and November 2009. The payments stopped around the same time the debtor and his wife filed a chapter 13 bankruptcy petition on November 17, 2009. After the defendant objected to the amount of the plaintiff's amended proof of claim, the parties reached an agreement and the claim was allowed in the amount of $24,920.05, as a general unsecured nonpriority claim. (*See* Document No. 23, Court Minutes dated February 1, 2010, and Order dated February 5, 2010). Since the debtors'

confirmed amended plan provides for payment of at least 19% to general unsecured claimants, this adversary proceeding was commenced on February 15, 2010, to determine whether this claim will be excepted from the debtors' discharge.

ARGUMENTS

The plaintiff argues there are no genuine issue of material fact in dispute which would preclude the entry of summary judgment. The state court stipulation and final, non-appealable order for judgment set forth with specificity that the debt is nondischargeable for willful and malicious injury. Issue preclusion applies because the debtor was a party to the prior action and issue preclusion comports with the principles of fundamental fairness. Additionally, the state court judgment conclusively established the amount of damages.

The defendant argues summary judgment is not appropriate because the plaintiff has not plead and proven the required elements of 11 U.S.C. § 523(a)(6). The defendant asserts the affidavit of plaintiff's attorney and other proof do not provide substantial affirmative evidence to support her argument. *See Heft v. Moore*, 351 F.3d 278, 284 (7th Cir. 2003). Additionally, the state court stipulation is unenforceable because a debtor may not contract away his rights under the bankruptcy code. *Klingman v. Levinson*, 831 F.2d 1292, 1296 n. 3 (7th Cir. 1987). The stipulation does not include any underlying facts and contains merely a conclusory statement that the plaintiff suffered a willful and malicious injury. *See In re Huang*, 275 F.3d 1173 (9th Cir. 2002). Because the issue was not actually litigated, issue preclusion is not warranted. Finally, the defendant claims the punitive damage award cannot stand on its own because the state court never assessed actual damages. Likewise, the plaintiff can no longer prove compensatory damages as the statute of limitations has expired on her claim.

3

DISCUSSION

*Summary Judgment Standards*

To prevail on a motion for summary judgment the moving party must show there is no genuine issue of material fact and he or she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine if there is a genuine issue of material fact, all facts are construed in the light most favorable to the non-moving party. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). Additionally, all reasonable inferences are drawn in favor of that party. *Id*. However, the non-movant must set forth "specific facts showing that there is a genuine issue for trial" which requires more than "just speculation or conclusory statements." *Id*. at 283 (citations omitted).

*Sufficiency of Pleadings and Other Proof*

The defendant asserts the affidavit of plaintiff's attorney and other proof do not provide substantial affirmative evidence to support her argument. While the appropriate party to attest to the facts is the plaintiff, if a court's decision is based upon other proofs, an affidavit is unnecessary. In his answer to the adversary complaint, the defendant admitted "[t]he Plaintiff, Tammy M. Montonati, sued Defendant, Scott Wettstein, for willful and malicious injury *after the Defendant posted nude photos of the Plaintiff around the Fox Cities*, Winnebago County Case No. 98-CV-428." (Adversary Complaint ¶ 4; emphasis added). This constitutes an admission that he committed the act complained of, and it was not the work of someone else. Nowhere does he imply her consent to the posting of these photos. The defendant also admitted that the stipulation states that the debt is nondischargeable based on the willful and malicious injury by the defendant to the plaintiff; he signed the stipulation and was represented by counsel; and the stipulation became the order of the state court. (*See* Adversary Complaint ¶¶ 6, 7, 8, 10). The

4

Court also accepts as fact the affidavit of the defendant, wherein he stated the state court action was never tried before a court or jury, but was instead settled immediately prior to the scheduled trial. For purposes of this decision, the Court will base its decision solely on the uncontroverted evidence before it.

*Nondischargability of the Obligation*

Although the complaint seeks a ruling under section 523(a)(6), section 1328(a)(4) governs the dischargeability of the obligation in this chapter 13 case. Section 1328(a)(4) renders nondischargeable any debt: "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." 11 U.S.C. § 1328(a)(4). Section 1328(a)(4) differs from section 523(a)(6) in three distinct ways: (1) it applies to "willful or malicious" injuries instead of to "willful and malicious" injuries; (2) it applies to personal injuries or death and not to injuries to property; and (3) it applies to restitution and damages "awarded in a civil action against the debtor" as a result of such injuries. For purposes of this case, the distinctions do not make a difference, and the Court leaves for another day the effect, if any, of the inconsistencies between the provisions. Placing nude photos around town is certainly willful – there is no implication that he accidently posted them or that she consented – and it was malicious in that it was clearly intended to cause her embarrassment, resulting in a personal injury to the plaintiff.

*Collateral Estoppel or Issue Preclusion*.

It is well established that collateral estoppel or issue preclusion applies in bankruptcy proceedings. *Grogan v. Garner*, 498 U.S. 279, 285, 111 S.Ct. 654 (1991). As a matter of full faith and credit a federal court must apply the forum state's law of issue preclusion when it

5

determines the preclusive effect of a state court judgment. 28 U.S.C. § 1738; *Stephan v. Rocky Mountain Chocolate Factory, Inc.*, 136 F.3d 1134, 1136 (7th Cir. 1998). Additionally, the forum state's law of issue preclusion applies in determining the dischargeability of debt. *Bukowski v. Patel*, 266 B.R. 838, 842 (E.D. Wis. 2001) (citing *Matter of Bulic*, 997 F.2d 299, 304 n. 6 (7th Cir. 1993)). Accordingly, whether issue preclusion applies must be determined according to Wisconsin law.

Under Wisconsin law issue preclusion is a doctrine designed to limit relitigation of issues that were contested in a previous action between the same or different parties. *Mrozek v. Intra Fin. Corp.*, 2005 WI 73, ¶ 17, 281 Wis.2d 448, 699 N.W.2d 54; *Michelle T. by Sumpter v. Crozier*, 173 Wis.2d 681, 687, 495 N.W.2d 327, 329 (1993) (citing *Lawlor v. Nat'l Screen Serv. Corp.,* 349 U.S. 322, 75 S.Ct. 865 (1955)). Accordingly, when an issue is actually litigated and determined by a valid final judgment and the determination is essential to the judgment, it is conclusive in a subsequent action whether on the same or a different claim. *Landess v. Schmidt*, 115 Wis.2d 186, 197, 340 N.W.2d 213, 219 (Ct. App. 1983) (citing Restatement (Second) of Judgments § 27 (1982)).

Thus, a threshold prerequisite for application of the doctrine is that, in order to be precluded from "relitigating" an issue, a party must have "actually litigated" it previously. By contrast, a determination is not conclusive "as to issues which might have been but were not litigated and determined in the prior action." *City of Sheboygan v. Nytsch*, 2006 WI App 191, ¶ 12, 296 Wis.2d 73, 722 N.W.2d 626 (citing Restatement (Second) of Judgments at § 27 cmt. e). As explained in *Nytsch*:

> An issue is not actually litigated if the defendant might have interposed it as an affirmative defense but failed to do so; nor is it actually litigated if it is raised by a

material allegation of a party's pleading but is admitted (explicitly or by virtue of a failure to deny) in a responsive pleading; nor is it actually litigated if it is raised in an allegation by one party and is admitted by the other before evidence on the issue is adduced at trial; nor is it actually litigated if it is the subject of a stipulation between the parties.

*Id*. (citing Restatement (Second) of Judgments at § 27 cmt. e).

Since it appears that Wisconsin courts might not treat the admission in the parties' stipulation that the judgment was "based on the willful and malicious injury by defendant to plaintiff," as having actually litigated the debtor's conduct, this Court will not – and need not – apply the doctrine of issue preclusion. *Cf. Klingman v. Levinson*, 831 F.2d 1292, 1296 n. 3 (7th Cir. 1987) (noting "a debtor may stipulate to the underlying facts that the bankruptcy court must examine to determine whether a debt is dischargeable.")

*Judicial Estoppel*

The parties did not discuss judicial estoppel. However, the Seventh Circuit has noted that a "court may raise [judicial] estoppel on its own motion in an appropriate case." *Matter of Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990). This is such a case.

The debtor *is* prohibited from arguing his conduct did not result in a willful and malicious injury under the doctrine of judicial estoppel. "Judicial estoppel is a doctrine intended to prevent perversion of the judicial process." *Id*. It applies to prevent a party that has taken one position in an earlier legal proceeding from maintaining a position inconsistent with the prior position in a subsequent legal proceeding. *Id*. There is no hard and fast or ready formula for determining the proper circumstances under which judicial estoppel is to be applied. *Levinson v. United States*, 969 F.2d 260, 264 (7th Cir. 1992). However, the Seventh Circuit has set forth some boundaries or limits for the application of judicial estoppel. First, the later position must be clearly inconsistent with the earlier position. The debtor agreed in the state court that his conduct was

7

willful and malicious and appropriate for punitive damages and an exception to discharge in bankruptcy; now, he says that admission doesn't count.  Second, the facts at issue should be the same in both cases.  Third, the party to be estopped must have convinced the first court to adopt its position.  *Id.* at 264-65 (citations omitted).  In addition, the subsequent position must be intentionally inconsistent with the prior position.  *Cassidy*, 892 F.2d at 641.  Although judicial estoppel "is to be applied where 'intentional self-contradiction is being used as a means of obtaining unfair advantage,'" it should not be applied "where it would work an injustice, such as where the former position was the product of inadvertence or mistake."  *Id.* at 641- 42 (quoting *Scarano v. Central R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953)).  The debtor's position was not a mistake in the state court action, and his contrary position is not a mistake here.

A litigant may be judicially estopped from asserting facts inconsistent with statements in a prior proceeding that resulted in a settlement.  In *Kale v. Obuchowski*, 985 F.2d 360, 361-62 (7th Cir. 1993), a party was judicially estopped from asserting an interest in property in a bankruptcy matter because he had denied any interest in the same property during his state court divorce proceedings.  In another case, the debtor was judicially estopped from changing his position and contending that unpaid portions of his debt were dischargeable after previously entering a compromise in which he agreed to the nondischargeability of the obligation.  *In re Dunkley*, 221 B.R. 207 (Bankr. N.D. Ill. 1998).  The court noted that the debtor had "taken an inconsistent position of law ... from the posture he agreed to in the prior adversary proceeding, despite his continued denial of the underlying wrongful conduct."  *Id.* at 213; *see also In re Swilley*, 295 B.R. 839 (Bankr. D. S.C. 2003) (inconsistent positions taken by debtor in previously agreeing, as condition for settling claims asserted against him for substantially less than amount

8

requested, that resulting judgment debt would not be dischargeable, and in the asserting that judgment debt was dischargeable, was sufficient to trigger application of judicial estoppel doctrine).

The doctrine, as applied in Wisconsin, "is intended 'to protect against a litigant' playing 'fast and loose with the courts' by asserting inconsistent positions." *State v. Petty*, 201 Wis.2d 337, 347, 548 N.W.2d 817 (1996) (citations omitted). Judicial estoppel precludes a party from asserting one position in a legal proceeding and then subsequently asserting an inconsistent position. *Id*. Judicial estoppel may be invoked where "(1) the later position is clearly inconsistent with the earlier position; (2) the facts at issue are the same in both cases; and (3) the party to be estopped convinced the first court to adopt its position." *Riccitelli v. Broekhuizen*, 227 Wis.2d 100, 111-12, 595 N.W.2d 392 (1999).

All three elements under both the federal and state standards are met in this adversary proceeding. The debtor has not denied his improper conduct nor the resulting damages and agreement he made to settle them; he is now groping for a technicality to get out of the consequences. This is precisely the stratagem judicial estoppel was formulated to prevent. His earlier position was that the obligation was "based on the willful and malicious injury by defendant to plaintiff." (Stipulation and Order for Judgment ¶ 6, Winnebago County Case No. 98 CV 428). The facts at issue are identical. And the Winnebago Count Court incorporated the debtor's position in its order and judgment, relying on his and his attorney's signing the agreement. Accordingly, this Court will invoke the doctrine of judicial estoppel "to protect the integrity of the judicial process by preventing [the debtor] from using the courts to gain an unfair advantage" over the plaintiff. 31 C.J.S. *Estoppel and Waiver* § 188.

9

*Damages*

The defendant claims the state court punitive damage award cannot stand on its own because the state court never assessed actual damages. As defined in the bankruptcy code, "'debt' means liability on a claim." 11 U.S.C. § 101(12). The plaintiff's judgment unarguably is a claim in the bankruptcy case; it is a final and unappealed judgment. He agreed to the characterization of the damages as punitive damages. If he thought that was not proper, he should not have agreed to it, or he could move the state court to reconsider or vacate that judgment, or he could have taken an appeal from it – in state court. The bankruptcy court is not the proper forum to reverse or adjust an adverse judgment, even if it may be technically faulty. Since the full amount of a judgment is a valid claim, the only issue before this Court is whether it is nondischargeable in this case. *See In re Back Bay Restorations, Inc.*, 118 B.R. 166, 169-70 (Bankr. D. Mass. 1990) (bankruptcy courts bound by prior judgments of amount of resulting damages). It is.

## CONCLUSION

For the reason stated above, the Court grants the plaintiff's motion for summary judgment. A separate order for judgment will be entered accordingly.

July 13, 2010

Margaret Dee McGarity
United States Bankruptcy Judge